[Cite as *State v. Shaw*, 2025-Ohio-3173.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

MELVIN SHAW JR.,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0020**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2010 CR 00754

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Lynn Maro,* Mahoning County Prosecutor, *Atty. Kristie M. Weibling, Atty. Ralph M. Rivera,* Assistant Mahoning County Prosecutors, for Plaintiff-Appellee and

*Atty. Megan M. Patituce, Atty. Joseph C. Patituce*, Patituce & Associates, LLC, for Defendant-Appellant.


Dated:  September 3, 2025

**Robb, P.J.**

{¶1}     Appellant, Melvin Shaw Jr. appeals the January 30, 2025 judgment denying his pro se application for DNA testing.  Shaw contends the trial court abused its discretion by denying his application without providing statutorily required reasons for its decision.  The state agrees the trial court failed to provide the requisite reasons for denying his DNA application.  Thus, we reverse and remand for the trial court to reconsider the application.

Statement of the Case

{¶2}     Shaw was convicted of multiple felonies after a jury trial.  The underlying facts are outlined in our decision addressing the merits of Shaw's direct appeal.  *State v. Shaw*, 2013-Ohio-5292, ¶ 3-13 (7th Dist.).  We reversed the trial court's ruling on merger and remanded for resentencing.  *Id.* at ¶ 97.  On remand, the state elected to pursue the aggravated murder and attempted murder offenses on re-sentencing.  The trial court ultimately vacated the convictions and sentences for the other two counts, and the sentences for the aggravated murder and attempted murder offenses and the attendant firearm specifications remained per the original sentencing judgment.  (July 7, 2015 Judgment.)

{¶3}     Appellant filed his application on September 30, 2024, contending DNA testing was not performed at the time of trial; biological evidence was collected and still exists; the perpetrator's identity was contested at trial; and DNA testing would be outcome determinative.  (September 30, 2024 Application for DNA Testing.)

{¶4}     The state opposed the application, alleging Shaw's guilt was established beyond a reasonable doubt.  The state rejected the contentions in Shaw's application and claimed the DNA testing he now seeks was readily available at the time and testing the items would not be outcome determinative.  (November 15, 2024 State's Response.)

{¶5}     The trial court summarily denied the application on January 30, 2025, and Shaw appealed.

Assignment of Error

{¶6}     Shaw's sole assignment of error contends:

"The trial court abused its discretion in denying Mr. Shaw's application for DNA testing."

Case No. 25 MA 0020

**{¶7}** We review applications for DNA testing for an abuse of discretion. The Ohio Supreme Court has defined an abuse of discretion as "an unreasonable, arbitrary, or unconscionable use of discretion," or "a view or action that no conscientious judge could honestly have taken." (Citation omitted.) *State v. Brady*, 2008-Ohio-4493, ¶ 23.

**{¶8}** Applications for postconviction DNA testing are governed by Chapter 2953 of the Ohio Revised Code. R.C. 2953.74 dictates a court's responsibilities when considering an application, and R.C. 2953.74(D) states:

> If an eligible offender submits an application for DNA testing under section 2953.73 of the Revised Code, the court, in determining whether the "outcome determinative" criterion described in divisions (B)(1) and (2) of this section has been satisfied, shall consider all available admissible evidence related to the subject offender's case.

**{¶9}** Although the trial court is not required to conduct an evidentiary hearing in response to an application, a trial court's order denying an application for DNA testing must include the reasons for the court's decision. *State v. Price*, 2006-Ohio-180, ¶ 12-13 (1st Dist.) (cursory judgment is insufficient); *State v. Rawls*, 2016-Ohio-7962, ¶ 25 (8th Dist.) (a trial court must state its reasons for reaching its conclusion that DNA testing would not be outcome determinative).

**{¶10}** Because the trial court here summarily denied the application without providing any reasons in support, we are unable to properly review its denial of Shaw's application. The state agrees.

Conclusion

**{¶11}** Due to the trial court's lack of reasons for its decision to deny Shaw's application for DNA testing, we reverse and remand. If the court on remand chooses to deny the application, it must include its reasons for the denial in its decision.

Waite, J., concurs.

Dickey, J., concurs.

Case No. 25 MA 0020

---

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that due to the trial court's lack of reasons for its decision to deny Shaw's application for DNA testing, the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. If the court on remand chooses to deny the application, it must include its reasons for the denial in its decision. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**